The judgment which constitutes the cause of action in this case was paid by Smith, and at his request assigned by the bank to Bonesteel, and by the latter to the plaintiff. A paid judgment constituted no part of the *Page 68 
effects of the corporation, and of course no resolution of the board of directors was necessary to authorize an assignment; according to the provisions of the 8th section of 1 R.S., 591. The contents of the assignment from the bank to Bonesteel do not appear. It is spoken of as an assignment, and, in the absence of other proof, must be held to have conveyed, in form at least, the whole legal and equitable interest in the judgment to the assignee. The consideration moving between Smith and Bonesteel is not proved. The presumption must be that it was sufficient to sustain an unqualified assignment in the form in which it was made, by the request of Smith. If Bonesteel was a naked trustee for the endorser, that should have been proved by showing the contents of the assignment or some memorandum or oral declaration, establishing the trust and showing its true character.
The whole controversy resolves itself into the question: Upon whom rests the burden of proof? I think that when the plaintiff has given evidence tending to show an absolute assignment, at the request of the owner of the judgment, it was incumbent upon the defendant to prove any qualification of that transfer upon which he might insist as essential to his defence.
The judgment of the supreme court should be affirmed.
The whole court concurring,
Judgment affirmed.